```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CONSOLIDATED EDISON COMPANY OF           :
NEW YORK, INC., and;                     :
AEGIS INSURANCE SERVICES, INC.,          :
LIBERTY INTERNATIONAL UNDERWRITERS, INC.,:   Civil Action No.
NATIONAL UNION INSURANCE COMPANY         :
OF PITTSBURGH, NUCLEAR ELECTRIC INSURANCE:
LIMITED and CERTAIN UNDERWRITERS AT LLOYDS:
(SYNDICATE 1225), all as subrogees of CONSOLIDATED:
EDISON COMPANY OF NEW YORK, INC.         :   COMPLAINT
                                         :
                        Plaintiffs,      :
                                         :
           - against-                    :
                                         :
7 WORLD TRADE COMPANY, L.P., 7 WORLD TRADE:
COMPANY, L.P. d/b/a 7 WORLD TRADE CENTER :
COMPANY, SILVERSTEIN DEVELOPMENT CORP.   :
and SILVERSTEIN PROPERTIES INC.          :
                                         :
                        Defendants.      :
-------------------------------------------------------------------x
```

Judge Hellerstein

07 CIV 7968



RECEIVED SEP 1 1 2007 U.S.D.C. S.D. N.Y. CASHIERS

Consolidated Edison Company of New York, Inc., and; Aegis Insurance Services, Inc., Liberty International Underwriters, Inc., National Union Insurance Company of Pittsburgh, Nuclear Electric Insurance Limited and Underwriters at Lloyds as subrogees of Consolidated Edison Company of New York, Inc., by way of Complaint against defendants 7 World Trade Company, L.P., 7 World Trade Company, L.P. d/b/a 7 World Trade Center Company, Silverstein Development Corp. and Silverstein Properties Inc., upon information and belief set forth:

## PARTIES

1. Plaintiff, Consolidated Edison Company of New York, Inc. (hereinafter referred to as "Con Edison"), is a New York corporation, with its principal place of business at 4 Irving

Place, New York, New York, and was a tenant of a premises located under 7 World Trade Center.

2. Plaintiff, Aegis Insurance Services, Inc. (hereinafter referred to as "Aegis"), with a place of business at 10 Exchange Place, Jersey City, New Jersey 07302, is a business entity authorized to engage in the insurance business in the State of New York.

3. Plaintiff, Liberty International Underwriters Inc. (hereinafter referred to as "Liberty"), with a place of business at 61 Broadway, New York, New York 10006, is a business entity authorized to engage in the insurance business in the State of New York.

4. Plaintiff, National Union Insurance Company of Pittsburgh (hereinafter referred to as "National"), with a place of business at 70 Pine Street, New York, New York 10270, is a business entity authorized to engage in the insurance business in the State of New York.

5. Plaintiff, Nuclear Electric Insurance Limited (hereinafter referred to as "Nuclear"), with a place of business at 1201 Market Street, Suite 1200, Wilmington, DE 19801, is a business entity authorized to engage in the insurance business in the State of New York.

6. Plaintiff, Underwriters at Lloyds (hereinafter referred to as "Lloyds"), with a place of business at Lime Street, London, England, is a business entity authorized to engage in the insurance business in the State of New York.

7. Collectively, Aegis, Liberty, National, Nuclear, and Lloyds (hereinafter referred to collectively as "Aegis") are suing herein as subrogees of Consolidated Edison Company of New York, Inc.

8. Defendant 7 World Trade Company, L.P., upon information and belief, was and/or is an entity that owned and engaged in the operation and management of 7 World Trade

Center, and a New York and/or foreign corporation with a principal place of business located at 530 Fifth Avenue, New York, New York.

9. Defendant 7 World Trade Center Company, upon information and belief, was and/or is an entity that owned and engaged in the operation and management of 7 World Trade Center, and a New York and/or foreign corporation with a principal place of business located at 530 Fifth Avenue, New York, New York.

10. Defendant Silverstein Development Corp., upon information and belief, was and/or is an entity that was or is the general partner of 7 World Trade Center Company and/or 7 World Trade Company, L.P., and which developed, constructed, owned and engaged in the operation and management of 7 World Trade Center and a New York and/or foreign corporation with a principal place of business located at 530 Fifth Avenue, New York, New York.

11. Defendant Silverstein Properties Inc. (hereinafter referred to as "Silverstein"), upon information and belief, was and is the agent of defendant 7 World Trade Company, and a New York and/or foreign corporation with a principal place of business located at 530 Fifth Avenue, New York, New York.

12. 7 World Trade Company, L.P., 7 World Trade Center Company, Silverstein Development Corp. and Silverstein Properties Inc. (hereinafter collectively referred to as "Silverstein") constructed and owned the building which came to be known as 7 World Trade Center upon, and cantilevered above, the Con Edison Substation.

## JURISDICTION

13. This Court has jurisdiction of the action pursuant to 49 U.S.C. 40101 § 408(b), which provides that the United States District Court of the Southern District of New York shall have the original and exclusive jurisdiction over all actions brought for any claim, including

property damage, "resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."

## VENUE

14. Venue is properly laid in this Court pursuant to 49 U.S.C. 40101 § 408(b).

## GENERAL ALLEGATIONS

15. At all relevant times, Aegis issued policies of insurance to Con Edison for its property, operation and business. Pursuant to the aforementioned policies of insurance, Aegis insured Con Edison for losses to real, personal property and various other coverages.

16. By common law and contract Aegis has subrogation rights against such third parties as have caused, contributed to or are obligated to pay for damages for which Aegis was required to pay Con Edison.

17. Silverstein is the lessor of the property located at Washington and Barclay Streets, New York, New York.

18. In or about March 1982, Silverstein entered into a Consent Agreement with Con Edison permitting Silverstein to construct a building upon the Substation.

19. Further to that agreement and beginning in or about 1983, 7 World Trade Center (the "Building") was built upon and around the Substation.

20. Thereafter, the Substation was located immediately and directly beneath the Building.

21. Together with the Port Authority, of New York and New Jersey Silverstein retained control over all aspects of the design, construction, use and occupancy of the Building, including but not limited to its structure, modifications, power generation and fuel distribution systems, and fire protection.

22. On September 11, 2001, at 8:46 a.m. an airliner hijacked by terrorists crashed into the One World Trade Center (North) Tower, causing fire therein.

23. On September 11, 2001, at 9:03 a.m. another airliner hijacked by terrorists in concert with the first airliner crashed into the Two World Trade Center (South) Tower, causing fire therein.

24. At approximately 9:59 a.m., the Two World Trade Center (South) Tower collapsed.

25. At approximately 10:28 a.m., the One World Trade Center (North) Tower collapsed.

26. As a result of the foregoing, the Building was set on fire and at approximately 5:20 p.m. suffered a progressive global collapse.

27. The collapse of the Building completely destroyed the Substation.

### THE CONSENT AGREEMENT PROVISIONS

28. The aforesaid Consent Agreement states in pertinent part the standard of care to be utilized in construction, maintenance and occupancy of the Building:

13. CARE AND RESTORATION OF PREMISES[1]

Contractor[2] shall, as part of the work[3] –

(a) take every precaution to protect persons from injuries and prevent damage to property of Con Edison and others;

---

[1] "Premises" is defined as the Substation.

[2] "Contractor" is defined as 7 World Trade Company.

[3] "Work" is defined as "the construction and pre-construction activities of Contractor on the proposed office tower previously referred to, permitted by Con Edison, in, on, or about the Premises."

*       *       *

    (g) promptly compensate Con Edison for any loss, injury or damage attributable to the Work.

29. The consequences of breach of that standard of care are set forth in the Consent Agreement at Section 16, which provides in pertinent part as follows:

  16.   INDEMNIFICATION

    (a) Contractor shall [to the extent of the insurance coverage specified in Article 14][4] indemnify and hold harmless Con Edison, its trustees, officers, agents and employees against the following distinct and several risks whether they arise from the acts or omissions of Contractor or Con Edison or the employees, agents and representatives of Con Edison, third persons or from acts of God or the public enemy, or otherwise, excepting only risks which result solely from affirmative, willful acts done by Con Edison subsequent to commencement of the Work but if insurance coverage is not available to Contractor for Con Edison's negligence then excepting also risks which result solely from negligent acts done by Con Edison subsequent to the start of the Work:

    (1) Risk of loss or damage to the Premises. In the event of such loss or damage Contractor shall forthwith repair, replace, rebuild and make good the premises to the reasonable satisfaction of Con Edison without cost to Con Edison.

    (2) The risk of death, injury or damage, direct or consequential, to Con Edison, its trustees, officers, agents and employees and to its property arising out of or in connection with the Work. Contractor shall indemnify Con Edison, its trustees, officers, agents and employees for all such injuries and damages and for all loss suffered by reason thereof.

30. The applicable portions of Section 14 are as follows:

  14.   CONTRACTORS AND SUBCONTRACTORS INSURANCE: INDEMNITY

    (a) Contractor shall carry or cause to be carried Workman's Compensation and Comprehensive General Liability Insurance, which includes the coverage for the completed operations, explosion, collapse and underground hazards with broad form contractual endorsement for

---

[4] This wording was a hand-written interlineation apparently inserted after Con Edison's execution of the agreement.

written or oral contacts and cross liability, in which Con Edison is named as an insured. Coverage shall be obtained to indemnify and protect Con Edison from all insurable risks and from all claims and suits for bodily injury and property damage including those made or brought by Con Edison or its customers, which are attributable to the Work. The policies shall provide for 30 days prior notice of cancellation for any reason to Con Edison. The limit of coverage for any single accident or occurrence shall be no less than $50,000,000.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

31. Silverstein's acts and omissions in the design, approval, inspection, installation, maintenance, operation, conduct and control of the building systems, including but not limited to the load bearing structural systems, structural modifications, diesel-fueled power generation systems and appurtenant fuel oil and distribution systems and fire protection systems within the Building, led to the destruction of the Building and Substation.

32. Con Edison and Aegis suffered damage as a result of the destruction of the substation, they have expended substantial sums to replace the Substation, its functionality and its associated equipment, and to remove debris, and they have incurred other expenses related to those activities, all in the amount of $129,341,259.00.

33. Such expenses were incurred by reason of damage to the Substation or its related equipment which damage is compensable in accordance with the Consent Agreement provisions cited above.

34. Demand has been made to Silverstein for payment of the amounts due under the aforesaid provisions.

35. No response has been made to the demand, and no payment has been made by Silverstein to Con Edison or Aegis.

36. Failure to make payment on the part of Silverstein constitutes breach of contract.

37. As a result of the breach of contract by the Silverstein, Con Edison and Aegis have been damaged in the amount of $129,341,259.00, together with interest from the date the expenses were incurred.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:   New York, New York
         September 11, 2007

Yours, etc.

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
Attorneys for plaintiffs Consolidated Edison Company of New York, Inc., and; Aegis Insurance Services, Inc., Liberty International Underwriters, Inc., National Union Insurance Company of Pittsburgh, Nuclear Electric Insurance Limited, and Underwriters at Lloyds, as subrogees of Consolidated Edison Company of New York, Inc.
45 Broadway Atrium - Litman Suite
New York, New York 10006
(212) 406-1919
Our File No.: 02-5514:241/1-A

By: _____
    MARK L. ANTIN (MA 0427)
    MICHAEL S. LEAVY (ML 6150)

FRANKLIN M. SACHS (FS 6036)
GREENBAUM, ROWE, SMITH & DAVIS, LLP
Attorneys for Plaintiffs
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095-0988
(732) 549-5600

_____
MICHAEL S. LEAVY (ML 6150)