UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE SEPTEMBER 11 PROPERTY DAMAGE        :
AND BUSINESS LOSS LITIGATION                      :   21 MC 101 (AKH)

------------------------------------------------------------- x
CONSOLIDATED EDISON COMPANY OF NEW       :
YORK, INC.; and AEGIS INSURANCE SERVICES, :
INC., LIBERTY INSURANCE UNDERWRITERS,    :   07 Civ. 7968 (AKH)
INC., NATIONAL UNION INSURANCE COMPANY   :   04 Civ. 7272 (AKH)
OF PITTSBURGH, NUCLEAR ELECTRIC          :
INSURANCE LIMITED and UNDERWRITERS AT    :   **ORDER DISMISSING**
LLOYDS (SYNDICATE 1225), all as subrogees of  :  **COMPLAINT**
CONSOLIDATED EDISON COMPANY OF NEW       :
YORK, INC.,                                                          :
                                                                          :
                                      Plaintiffs,                :
                                                                          :
            -against-                                             :
                                                                          :
7 WORLD TRADE COMPANY, L.P., 7 WORLD    :
TRADE COMPANY, L.P. d/b/a WORLD TRADE   :
CENTER COMPANY, SILVERSTEIN                  :
DEVELOPMENT CORP. and SILVERSTEIN       :
PROPERTIES INC.,                                         :
                                                                          :
                                      Defendants.             :
                                                                          :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs have had a pending lawsuit against these same defendants since 2004, 04 Civ 7272. Their suit seeks to recover damages arising from the destruction of the Con Ed substation on September 11, 2001. Their lawsuit is governed substantially by a lease agreement, made May 29, 1968, between the Port Authority and Con Ed, and a ground lease between the Port Authority and 7 World Trade Company, made December 31, 1980. I discussed plaintiffs' claims and these agreements in detail in earlier opinions. See IRI v. The Port Auth. of New York and New Jersey, 387 F. Supp. 2d 299 (S.D.N.Y.

1

2005); Aegis Ins. Servs., Inc. v. The Port Auth. of New York and New Jersey, 468 F.Supp.2d 508 (S.D.N.Y. 2006).

Plaintiffs recently filed this new lawsuit, basing it on a third agreement produced in the lawsuit in the Spring of 2006, two years ago. Plaintiffs claim not to have known of this agreement before it was produced, and further claim that they waited until now in the hope that discovery would glean some additional interpretive meaning beyond the terms and conditions of the agreement itself. Plaintiffs now seek to make this third agreement the basis of a new and separate lawsuit. They allege that this third agreement, the Consent Agreement executed in March 1982, between Con Ed and Silverstein Properties, Inc., broadens plaintiffs' rights to recover. Defendants disagree, and contend the opposite.

Clearly, the new complaint splits plaintiffs causes of action. All plaintiff's legal theories arising from the events of 9/11 should be alleged in one cause of action. Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002). One set of contracts cannot be alleged in one complaint, and another related contract in another complaint. The 2007 complaint should be dismissed, and all claims should be alleged in the action pending since 2004. See Order, 02 Civ. 7188, 07 Civ. 10582, June 26, 2008 (dismissing a split cause of action by Con Ed against the Port Authority).

Plaintiffs are given leave to amend their 2004 complaint to include, if they wish, the cause of action alleged in their 2007 complaint. That will enable me to resolve all substantive issues about the scope and extent of plaintiffs' claims for relief at one time, with respect to one complaint, and in full context of all matters alleged, and that could be alleged, in that single complaint. I do not rule now on defendants' substantive

arguments in their motion to dismiss the 2007 complaint; that decision awaits a later day, in the context of a complete resolution of all claims and defenses. If defendants incur additional expense because of plaintiff's late amendment, I grant leave to make application for extra costs at the conclusion of the litigation.

        Plaintiffs' amendment is due ten days after the date of this Order. Defendants' Answer is due ten days thereafter. No adjournments will be granted.

SO ORDERED.

Dated:    New York, New York
           June 26, 2008

                              ALVIN K. HELLERSTEIN
                              United States District Judge