UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE SEPTEMBER 11 LITIGATION

21 MC 101 (AKH)

This Document Relates to: All Cases

-------------------------------------------------------------X

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, WTC RETAIL LLC AND THE
PORT AUTHORITY TRANS-HUDSON
CORPORATION,

STIPULATION OF DISMISSAL
WITHOUT PREJUDICE

Plaintiffs,

v.

UAL CORPORATION, UNITED AIRLINES,
AMERICAN AIRLINES, INC., AMR
CORPORATION, MASSACHUSETTS PORT
AUTHORITY, DELTA AIRLINES, INC., THE
BOEING COMPANY, MIDWAY AIRLINES
CORPORATION, HUNTLEIGH USA
CORPORATION, ICTS INTERNATIONAL, N.V.,
GLOBE AVIATION SERVICES CORPORATION,
BURNS INTERNATIONAL SECURITY SERVICES
CORPORATION, PINKERTON'S INC., AND
SECURITAS AB,

Defendants.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the respective parties hereto that the claims by the Plaintiffs The Port Authority of New York and New Jersey, WTC Retail LLC and the Port Authority Trans-Hudson Corporation (hereafter collectively referred to as "The Port Authority") contained in the Complaint (08 CIV 3701 and dated April 16, 2008) against defendant Delta Air Lines, Inc. (hereafter "Delta") with regard to United Airlines Flight 175 are hereby dismissed without prejudice and without costs to either party as against the other.

The Port Authority reserves the right to recommence its claims if the Court's decision, dated June 27, 2007, granting summary judgment to US Airways, Inc., Colgan Air, Inc. and

Continental Airlines, Inc. as to the claims related to United Airlines Flight 175, is reversed, vacated or otherwise reinstated by this or any other court. If such circumstances arise, Delta agrees that such reinstatement of claims will relate back to the date of the original filing and that Delta will not assert a statute of limitations defense to refiled claims. The Port Authority agrees that any such reinstatement of claims will be made within ninety (90) days of the date of an Order reversing or vacating the referenced decision or otherwise reinstating the claims. The Port Authority further agrees that any such reinstatement of claims will be subject to any other relevant defenses for Delta, including the defense of discharge in bankruptcy, except that Delta agrees it will not assert a claim of laches as to The Port Authority's potential challenge of Delta's bankruptcy defenses, so as to render any future challenge by the Port Authority to an assertion by Delta of any defense founded upon discharge in bankruptcy as if the challenge were made on the date of this Stipulation.

Dated: July 15, 2008
New York, New York

_____
Michael J. Crowley (MC/2821)
GALLAGHER, GOSSEN,
FALLER & CROWLEY
1010 Franklin Avenue, Suite 400
Garden City, New York 11530
(516) 742-2500
Attorneys for Defendants
Delta Air Lines, Inc. and
Delta Express, Inc.

_____
Keith Harris (KH 3162)
THE OFFICE OF MILTON H.
PACTHER, ESQ.
225 Park Avenue South
New York, New York 10013
(212) 435-3437
Attorneys for Plaintiffs
The Port Authority of New York and
New Jersey; WTC Retail LLC; and
The Port Authority Trans-Hudson
Corporation

SO ORDERED.

Dated: New York, New York
July 28, 2008

_____
Alvin K. Hellerstein, United States District Judge

2